UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELA MCKINLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:17-cv-00621-LJM-MJD |
| | ) |
| RAPID GLOBAL BUSINESS SOLUTIONS, | ) |
| INC., JENNIFER EMERY, | ) |
| FCA US LLC, and RUSSELL ADAIR, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON PLAINTIFF'S MOTION TO STRIKE
## AFFIRMATIVE DEFENSES 1 THROUGH 12 AND RESERVATION OF DEFENSES

This matter is before the Court on Plaintiff Angela McKinley's Motion to Strike Affirmative Defenses 1 Through 12 and Reservation of Defenses ("Motion to Strike") (Dkt. 19), which are set forth in Defendants Russell Adair and FCA US LLC's (collectively "Defendants'") Amended Answer to Plaintiff's Complaint. Dkt. 29. For the reasons set forth below, McKinley's Motion to Strike is **GRANTED IN PART** and **DENIED IN PART**.

## I. DISCUSSION

Initially, McKinley moved to strike all of Defendants' affirmative defenses as well as Defendants' reservation of additional defenses. Dkt. 20. Following McKinley's initial Motion to Strike, however, Defendants filed an Amended Complaint that altered some of their affirmative defenses. Dkt. 29. Accordingly, McKinley challenges Defendants' Affirmative Defenses 2, 4, 5, 6, and 10 in addition to Defendant's Reservation of Affirmative Defenses. Dkt. 6.

## A. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) provides that "[u]pon motion made by a party … the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Generally, motions to strike are disfavored. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). However, such motions are not disfavored when they "remove unnecessary clutter from the case [and] serve to expedite, not delay." *Id.* Affirmative defenses should be stricken "only when they are insufficient on the face of the pleadings. Motions to strike … will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense, and are inferable from the pleadings." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (internal citations and quotation marks omitted).

McKinley urges the Court to adopt the heighted pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), for affirmative defenses. Dkt. 36 at 5-6. Although the Seventh Circuit has not determined whether *Iqbal/Twombly* applies to affirmative defenses, at least one court in this district declined to do so. *See J & J Sports Prods., Inc. v. Munoz*, No. 1:10-cv-1563, 2011 WL 2881285 at * 1 (S.D. Ind. July 15, 2011). The *Munoz* court relied on the reasoning set forth in *Leon v. Jacobson Transportation Co., Inc.*, No. 10 C 4939, 2010 WL 4810600 (N.D. Ill. Nov. 19, 2010), which this Court also finds persuasive. Thus, affirmative defenses are pleadings that need only meet the pleading requirements set forth in the Federal Rules of Civil Procedure, which requires a "short and plain statement" of the defense. *Heller*, 883 F.2d at 1294 (citing Fed. R. Civ. P. 8(a) ("Rule 8(a)")). Nonetheless,

affirmative defenses that are "nothing but bare bones conclusory allegations" or totally fail "to allege the necessary elements of the alleged claims" are "meritless," and should be stricken. *Id.* at 1295. The decision whether to strike material is within the discretion of the Court. *See Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

With this legal standard in mind, the Court will address each of the Defendants' affirmative defenses challenged by McKinley's Motion to Strike.

### B. SECOND AFFIRMATIVE DEFENSE

**Defendants are not "employers" within the meaning of 29 U.S.C. § 2611(4) and 29 C.F.R. § 825.104-109.**

McKinley claims that this defense fails to set forth a "short and plain statement" and does not provide any supporting facts. Dkt. 36 at 2. The Defendants, however, provided a short and plain statement, with applicable law, under which they assert their defense. This is sufficiently pleaded to put McKinley on notice that the Defendants contest her employment status at the time the events took place pursuant to 29 U.S.C. § 2611 and 29 C.F.R. § 825.104-109. Accordingly, the Motion to Strike is **DENIED** with respect to Defendants' second affirmative defense.

### C. FOURTH AFFIRMATIVE DEFENSE

**Plaintiff has no standing to initiate this action and has no right to any relief under the FMLA because she did not suffer from a serious health condition within the meaning of 29 U.S.C. § 2612 and 29 C.F.R. § 825.113 and was not otherwise entitled to leave under 29 U.S.C. § 2612.**

McKinley asserts that this defense repackages the first affirmative defense for failure to state a claim. Dkt. 36 at 3. She also claims that the defense is a conclusory allegation without any supporting facts. Dkt. 36 at 3. Once again, however, Defendants need only put McKinley on notice that they contest whether McKinley had a serious health

condition, which is what they have done here. Moreover, the lack of specificity is a result of McKinley's own vague assertion in her Complaint, wherein she simply alleges that she has a "serious medical condition which periodically requires medical treatment and time off work from her job for such treatment." Dkt. 1, ¶ 13. Accordingly, the Motion to Strike is **DENIED** with respect to Defendants' fourth affirmative defense.

### D. FIFTH AFFIRMATIVE DEFENSE

**To the extent Defendants did not have adequate notice of Plaintiff's serious health condition and/or her request to RGBSI for FMLA leave, Plaintiff has no standing to initiate this action and no right to relief under FMLA. 29 U.S.C. § 2612.**

McKinely argues that this defense is couched in "reservation of additional defense" terms. Dkt. 36 at 3. The Defendants, however, provided McKinley with a short and plain statement that they consider notice to be an issue in this case. Accordingly, the Motion to Strike is **DENIED** with respect to Defendants' fifth affirmative defense.

### E. SIXTH AFFIRMATIVE DEFENSE

**Plaintiff was not entitled to restoration of her assignment at FCA US because her employment would have been terminated regardless of her FMLA status. 29 C.F.R. § 825.216(a)(1).**

McKinley claims that this defense merely asserts a conclusory allegation without supporting facts. Dkt. 36 at 3-4. Defendants need only provide a short and plain statement for the defense in question, which they have done here. Accordingly, the Motion to Strike is **DENIED** with respect to Defendants' sixth affirmative defense.

### F. TENTH AFFIRMATIVE DEFENSE

**Plaintiff is not entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii) because, at all times relevant to this action, any act or omission by Defendants giving rise to Plaintiff's claim for relief was made in good faith, and Defendants had reasonable grounds for believing that any act or omission by them was not a violation of the FMLA.**

McKinley contends that Defendants must set forth the facts supporting their assertion that they had reasonable grounds for their actions. Defendants have provided, however, an adequate notice of their affirmative defense in this case and requiring more is not in accordance with the pleading standards under Rule 8(a). Accordingly, the Motion to Strike is **DENIED** with respect to Defendants' tenth affirmative defense.

### G. RESERVATION OF ADDITIONAL DEFENSES

**Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendants reserve their rights to assert additional defenses in the event discovery indicates it would be appropriate.**

McKinley also moves to strike Defendants' Reservation of Additional Defenses, which is **GRANTED**. Defendants' Reservation of Additional Defenses is not an affirmative defense and is simply an attempt to reserve their right to provide additional defenses in the future, which is not appropriate or necessary. *See Dresser Indus., Inc. v. Pyrrhus AG*, 936 F.2d 921, 928 n. 6 (7th Cir. 1991) ("[T]here is no procedure for reserving a right to plead affirmative defenses at a later date.") Should Defendants wish to assert additional defenses they will have to do so under Federal Rule of Civil Procedure 15.

## II. CONCLUSION

For the foregoing reasons, McKinley's Motion to Strike is **GRANTED IN PART** and **DENIED IN PART**.

IT IS SO ORDERED this 13th day of June, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kathleen H. Klaus
MADDIN, HAUSER, ROTH & HELLER, P.C.
kklaus@maddinhauser.com

Bonnie L. Martin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART PC (Indianapolis)
bonnie.martin@ogletreedeakins.com

Sharon Rae Gross
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
rae.gross@ogletree.com

Tae K. Sture
STURE LEGAL SERVICES LLC
tae@sturelaw.com