IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ANGELA MCKINLEY,

    Plaintiff,

v.

RAPID GLOBAL BUSINESS SOLUTIONS,
INC., et al,

    Defendants.

Case No. 17-CV-0621-LJM-MJD

Hon. Larry J. McKinney

_____

**RAPID GLOBAL BUSINESS SOLUTIONS, INC. AND
JENNIFER EMERY'S SURREPLY IN SUPPORT OF RULE 12(B)(6)
<u>MOTION TO DISMISS</u>**

Angela McKinley raises two arguments in opposition to her agreement to bring any claim arising from her employment within six months of the act giving rise to the claim ("Agreement"). First, Mr. McKinley contends that the Agreement applies only to claims against Rapid Global Business Solutions, Inc. ("RGBSI" or "Company") and not to her claims against Jennifer Emery. Second, Ms. McKinley asserts that, if this claim were filed in the Eastern District of Michigan, the Agreement would not be enforced. Neither argument has merit.

First, the limitation provision in the Agreement applies to *any* claim arising out of Ms. McKinley's employment with "the Company or any subsidiary," not just to claims *against* "the Company or any subsidiary," as Ms. McKinley suggests:

> [I] agree that any claim or lawsuit arising out of my employment with or my application for employment with the Company or any of its subsidiaries must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit. While I understand that the statute of limitations for claims arising out of any employment may be longer than six (6) months, I agree to be bound by the six (6) month

period of limitations set forth herein, and **I WAIVE ANY STATUTE OF LIMITATIONS TO THE CONTRARY.**

*See* Agreement, Dkt.35-1, PageID 199.

The Court must give the words in the agreement their plain and usual meaning unless the contract indicated some other meaning was intended. *INB Banking Co. v. Opportunity Options, Inc.,* 598 N.E.2d 580, 582 (Ind. Ct. App. 1992). Because Ms. McKinley's claims against Ms. Emery arise from her employment with RGBSI, under the plain meaning of the words in the Agreement, the claims against Ms. Emery are time barred.

Second, the Seventh Circuit upholds contractual provision that shorten the limitation period in federal employment cases. *Taylor v. West. & South. Life. Ins. Co.,* 966 F.2d 1188, 1205, 1206 (7th Cir. 1992). Indiana law also allows parties to agree to shorten the statute of limitations, as long as the period is reasonable. *New Welton Homes v. Eckman*, 830 N.E.2d 32, 35 (Ind. 2005). In other words, the controlling law recognizes the validity of the shortened limitation period.

Further, the Sixth Circuit Court of Appeals expressly refused to adopt the holdings of the district court cases cited by Ms. McKinley on page 2 of her Supplemental Response. *Bates v. 84 Lumber Co., L.P.,* 205 Fed Appx. 317 (6th Cir. 2006). The *Bates* court noted that, while some district courts in the Sixth Circuit have found the statutes of limitations applicable to FMLA claims cannot be shortened, other district courts have come to the contrary result, citing *Badgett v. Fed. Expres. Corp.,* 378 F. Supp. 2d 613, 622- 623 (M.D. N.C. 2005) and *Fink v. Guardsmark, LLC,* No. CV 03-1480-BR, 2004 WL 1857114 at *3 – 4 (D. Or. Aug. 19, 2004).

Finally, the reasoning of the foreign courts on which Ms. McKinley relies is flawed. For example, the court in *Bullard v. Fedex Freight,* 218 F. Supp. 3d 608, 614 – 615 (M.D. Tenn.

2029538

2016) mis-cited the regulation it relied on [29 C.F.R. §936.220(d)[1]] and indicated that the regulation was a "declaration" of Congress. In fact, there is nothing in the FMLA or any related regulations that bars an employee from agreeing to a shorter limitations period. Indeed, agreements to arbitrate FMLA claims are enforceable, in the Sixth Circuit and elsewhere. *Seawright v. Amer. Gen. Fin. Services,* 507 F.3d 967, 979 (6th Cir. 2007); *O'Neil v. Hilton Head Hosp.,* 115 F.3d 272, 274 (4th Cir. 1997). It simply makes no sense to find a reasonable contractual limitation period constitutes improper "interference" with an FMLA claim where an agreement to arbitrate does not.

The United States Supreme Court has stated that "in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period." *Order of Untied Commercial Travelers of Amer. v. Wolfe,* 331 U.S. 586, 608 (1947). There is nothing in the FMLA that prohibits an employer and employee from shortening the limitation period. The claims against RGBSI and Ms. Emery are time barred as a matter of law, and they are entitled to judgment in their favor, accordingly.

Respectfully submitted,

MADDIN, HAUSER, ROTH & HELLER, P.C.

 /s/ Kathleen H. Klaus
Kathleen H. Klaus (*pro hac*)
*Attorney for RGBSI and Jennifer Emery*
28400 Northwestern Hwy, 3rd Floor
Southfield, MI 48034
(248) 359-7520

Dated: June 27, 2017

---

[1] Ms. McKinley changes the citation in her brief to 29 C.F.R. §825.220(d). *See* Supplemental Response at p. 3.

2029538

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2017, I electronically filed the above document(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: all counsel of record.

                                 */s/ Kathleen H. Klaus*
                                 Kathleen H. Klaus (*pro hac*)
                                 *Attorney for RGBSI and Jennifer Emery*
                                 28400 Northwestern Highway, 2nd Floor
                                 Southfield, MI 48034 (248) 359-7520
                                 kklaus@maddinhauser.com