UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELA MCKINLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:17-cv-00621-LJM-MJD |
| | ) |
| RAPID GLOBAL BUSINESS SOLUTIONS, INC., JENNIFER EMERY, FCA US LLC, and RUSSELL ADAIR, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on Defendants', Rapid Global Business Solutions, Inc. ("Rapid Global") and Jennifer Emery (collectively "Defendants'"), Motion to Dismiss (Dkt. 25) Plaintiff Angela McKinley's Complaint (Dkt. 1). McKinley alleges that the Defendants unlawfully interfered with her right to take leave under the Family Medical Leave Act, 29 U.S.C. 2615 *et seq.* ("FMLA"), and terminated her employment for trying to exercise her rights under the FMLA. Defendants assert that McKinley's Complaint is time barred and fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").

For the reasons set forth below, Defendants' Motion to Dismiss is **DENIED**.

## I. BACKGROUND

Rapid Global hired McKinley sometime around January 27, 2014, and assigned her to work as a Production Control Supervisor at FCA US LLC ("FCA"), one of Rapid

Global's client sites.[1] Dkt. 1, ¶ 10. FCA directed McKinley's work and established her work schedule, including her reporting time, her lunch hour, and her break time. Dkt. 1, ¶ 11.

Prior to beginning work with Rapid Global, McKinley signed an Employment Agreement ("Agreement"), which stated in part:

> I agree that any claim or lawsuit arising out of my employment with or my application for employment with the Company or any of its subsidiaries must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit. While I understand that the statute of limitations for claims arising out of any employment may be longer than six (6) months, I agree to be bound by the six (6) month period of limitations set forth herein, and **I WAIVE ANY STATUTE OF LIMITATIONS TO THE CONTRARY.** Should a court determine in some future lawsuit that this provision allows any unreasonable short period of time to commence a lawsuit, the court shall enforce this provision as far as possible and shall declare the lawsuit barred unless it was brought within the minimal reasonable time within which the suit should have been commenced. Dkt. 26-1; Dkt. 50-3.

On March 19, 2015, FCA had a fire at the plant where McKinley worked, exposing her to toxic fumes that exacerbated a chronic health condition. Dkt. 1, ¶ 16. McKinley reported the worsening of her condition to Ron Midenhall, the night plant manager at FCA, who told McKinley to "take care of her health."[2] Dkt. 1, ¶ 17.

On May 27, 2015, prior to beginning her shift, McKinley called Jennifer Emery of Rapid Global to inform her that her breathing problems had flared up again and that she would be unable to report to work. Dkt. 1, ¶ 18. Emery told McKinley to alert FCA of her situation. Dkt. 1, ¶ 19. McKinley left a voicemail with Todd Ciscell of FCA, who did not

---

[1] It is unclear as to when McKinley was actually hired. The Complaint alleges that McKinley was hired on January 27, 2014, but she signed the Employment Agreement on January 14, 2014. *Compare* Dkt 1, ¶ 10 with Dkt. Dkt. 26-1.

[2] McKinley does not indicate when the conversation with Midenhall took place. *See* Dkt. 1 at 3.

return her phone call.  Dkt. 1, ¶ 20.  That same day, McKinley followed up with a text message, which Ciscell acknowledged.  Dkt. 1, ¶ 21.

On May 28, 2015, McKinley again took off work to seek treatment.  Dkt. 1, ¶ 22.  She once again texted Ciscell that she was taking off work to treat her serious health condition.  Dkt. 1, ¶ 23.

On June 1, 2015, McKinley called Emery at Rapid Global to inform Emery that McKinley's doctor told her to take off work through June 10, 2015, to treat a serious health condition.  Dkt. 1, ¶ 24.  Emery told McKinley that she would speak with FCA.  Dkt. 1, ¶ 24.  McKinley also left a message with Ciscell at FCA, but he did not return her call.  Dkt. 1, ¶ 25.

On June 2, 2015, after McKinley informed Ciscell that her doctor told her that she needed to be off of work through June 10, 2015, and asked if the absence would affect her employment.  Dkt. 1, ¶¶ 27, 28.  Ciscell only told her that Russ Adair would make that decision.  Dkt. 1, ¶ 29.

On June 5, 2015, Emery called McKinley to inform her that FCA was terminating her contract because she was going to be off of work for too long.  Dkt. 1, ¶ 31.  That same day, McKinley called Ciscell to inquire as to why she had been terminated and he informed her that Adair decided that it was "just too long for [McKinley] to be out."  Dkt. 1, ¶ 32.

## II. <u>STANDARD OF REVIEW</u>

Rule 12(b)(6) permits the dismissal of an action for failure to state a claim upon which relief can be granted in the pleadings.  Under Rule 12(b)(6), the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of

the plaintiff.  *See Esekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Federal Rule of Civil Procedure 8(a)(2).  Detailed factual allegations are not required, but a plaintiff's complaint may not simply state "an unadorned, the defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The "allegations must be enough to raise a right to relief above the speculative level[.]"  *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007).  "[A] complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" not when the plaintiff only raises a "sheer possibility that the defendant has acted unlawfully."  *Id*.  "[T]he height of the pleading requirement is relative to the circumstances[,]" *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), and "[d]etermining the plausibility of a claim is a context-specific task that requires [the Court] to draw on [its] judicial experience and common sense."  *Brown v. JP Morgan Chase Bank*, 334 Fed. Appx. 758, 759 (7th Cir. 2009).

### III.  ANALYSIS

Defendants seek dismissal on two separate grounds.  First, Defendants argue that McKinley's claims are time barred by the Agreement that McKinley signed with Rapid Global.  Second, Defendants contend that McKinley has failed to state a claim for either retaliation or interference under the FMLA.

## A.  STATUTE OF LIMITATIONS

The Agreement states that McKinley consented to be bound by a six-month period in which to bring any claim arising from her employment: "While I understand that the statute of limitations for claims arising out of any employment action may be longer than six (6) months, I agree to be bound by the six (6) month period of limitations set forth herein, and **I WAIVE ANY STATUTE TO THE CONTRARY**."  Dkt 26-1; Dkt. 50-3. Defendants claim that this provision bars McKinley's claim because she filed her suit on February 28, 2017, more than twenty months after the June 5, 2015, termination of her contract with Rapid Global.  Dkt. 26 at 3-4.  Plaintiffs argue, however, that shortening the statute of limitations period on an FMLA claim unlawfully interferes with an employee's ability to exercise her rights under the FMLA and is therefore unenforceable.  Dkt. 45 at 2-3.

Under the FMLA, the statute of limitations is two years unless a violation is "willful," which extends the statute of limitations to three years.  292 U.S.C. § 2617(c)(1)-(2). However, "it is well-established that, in the absence of controlling statute to the contrary, a provision in a contract may validly limit … the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations," but only if the shortened period itself is "reasonable."  *Order of United Comm. Travelers of Am. v. Wolfe*, 331 U.S. 586, 608 (1947).  Although parties may contractually limit the time to bring an action, numerous district courts have found such limitations clauses are not enforceable in the context of the FMLA.  *See Lewis v. Harper Hosp.*, 241 F. Supp 2d. 769, 772-73 (E.D. Mich. 2002) (finding a contractual provision limiting an employee's time to bring a suit to six months void and in contravention of the FMLA); *Gross v. Fed. Exp.*

*Corp.*, 467 F. Supp. 2d 449, 456 (E.D. Pa. 2006) ("This Court agrees with the persuasive authority of *Lewis* and its progeny, and concludes that the six-month limitations clause in plaintiff's employment contract is unenforceable with regard to plaintiff's FMLA claims."); *Woods v. DaimlerChrysler Corp.*, No. 4:02CV834, 2003 WL 24196898, at *4 (E.D. Mo. Dec. 2, 2003) ("The six-month contractual limitations period imposed by DaimlerChrysler is an interference with Woods' rights under the FMLA, where the statute of limitations is either two or three years."). The *Lewis* court found that a six-month limitation clause, similar to the clause in the instant case, contravened the protections for employees under the FMLA and was therefore unenforceable. The *Lewis* court noted that "[u]nder 29 C.F.R. § 825.220(a)(1), employers are prohibited 'from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.' In addition, under 29 C.F.R. § 825.220(d), '[e]mployees cannot waive, nor may employers induce employees to waive their [prospective] rights under FMLA.'" *Lewis*, 241 F. Supp. 2d at 772-73.

At least one court disagreed with the logic in *Lewis*, however, and found "that statutes of limitations are not 'rights' given to claimants and thus protected by the FMLA, but more correctly exist for the protection of defendants." *Badgett v. Fed. Express Corp.*, 378 F. Supp. 2d 613, 625 (M.D.N.C. 2015). Concluding that the statute of limitations was meant to protect defendants, not plaintiffs, the *Badgett* court held that plaintiffs did not have a "right" that could be interfered with by limiting the time for which a claim could be brought. *Id.* Further, the Seventh Circuit has stated, regarding the contractual shortening of time for which to bring a claim under the Commodity Exchange Act, 7 U.S.C. § 6b ("CEA"), that "a statute of limitations is intended primarily for the benefit of the defendant,

6

to protect him from having to defend against stale claims." *Stephan v. Goldinger*, 325 F.3d 874, 876 (7th Cir. 2003). The CEA requires that any "action shall be brought not later than two years after the date the cause of action arise." 7 U.S.C. § 25(c). The *Goldinger* court noted that "[t]here is not even a tiny handle in the statutory language [of the Commodity Exchange Act] for a bar against a potential plaintiff's agreeing to shorten the statutory period." *Id.* at 877.

The FMLA, however, specifically affords protection to employees and forbids an employer "from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act." 29 C.F.R. § 825.220(a)(1). Indeed, "[e]mployees cannot waive, nor may employers induce employees to waive, their rights under FMLA." 29 C.F.R. § 825.220(d). Under the FMLA, "an action *may* be brought under this section not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1) (emphasis added). This language, particularly the term "may," suggests that Congress implemented the statute of limitations provision for the benefit of potential FMLA plaintiffs, not defendants. *Cf.* 7 U.S.C. § 6b; *see also Barrett v. Ill. Dept. of Corr.*, 803 F.3d 893, 897 (7th Cir. 2015) (noting that "[t]he FMLA is fundamentally *prescriptive* in nature; it accords a benefit to employees."). And it is clear that employees cannot waive, nor be induced to waive, these FMLA rights. Accordingly, because the six-month contractual limitation seeks to preclude McKinley from exercising her rights under the FMLA, it is unenforceable.

7

## B.  FAILURE TO STATE A CLAIM

Defendants also assert that McKinley has not adequately pleaded sufficient facts for either of her FMLA retaliation or interference claims.  To establish a claim for FMLA interference, the employee must demonstrate that: "(1) he was eligible for FMLA protections; (2) his employer was covered by the FMLA; (3) he was entitled to leave under the FMLA; (4) he provided sufficient notice of his intent to take FMLA leave; and (5) his employer denied him FMLA benefits to which he was entitled."  *Righi v. SMC Corp.*, 632 F.3d 404, 408 (7th Cir. 2011).  "The difference between a retaliation and interference theory is that the first requires proof of discriminatory or retaliatory intent while an interference theory requires only proof that the employer denied the employee his or her entitlements under the Act."  *Goelzer v. Sheboygan Cnty., Wis.*, 605 F.3d 987, 996 (7th Cir. 2010) (internal quotation marks and citation omitted).

Defendants essentially argue that McKinley: (1) "failed to plead facts that suggest she required inpatient care or 'continuing treatment' by a health care provider;" and (2) "fail[ed] to plead facts that suggest [Rapid Global] was on notice that Ms. McKinley was exercising her rights under the FMLA."  Dkt. 26 at 5.[3]  Defendants first claim that McKinley must provide facts that "suggest what the condition is or that she was undergoing continuing treatment by a health care provider."  Dkt. 26 at 5.  Defendants conflate, however, the standard for a motion for summary judgment, Rule 56, which affords the

---

[3] Rapid Global also argues that McKinley failed to allege that she suffered an injury because "she does not know whether there was a position to which [Rapid Global] could have reassigned her."  Dkt. 37 at 6.  This position is unsupported by any allegations in the Complaint or case law, however, and is therefore waived.  *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (arguments that are "underdeveloped, conclusory, or unsupported by law" may be waived).

8

moving party judgment as a matter of law when no genuine issues of material facts are in dispute, with the standard under a Rule 12(b)(6) motion to dismiss. At this stage, McKinley need only provide sufficient allegations "to raise a right to relief above the speculative level[,]" *Twombly*, 550 U.S. at 555, and establish that a claim is facially plausible by providing "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Dismissal under Rule 12(b)(6) is only warranted when "the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

McKinley has alleged sufficient facts to satisfy this burden for her FMLA claims. McKinley alleged that she had a "chronic health condition," which worsened following the plant fire in March 2015. Dkt. 1, ¶¶ 16, 17. She also states that she called off of work on May 27 and May 28 to treat her condition. Dkt. 1, ¶¶ 18, 22. On June 1, 2015, she informed Emery about her doctor required her told her to take off of work until June 10, 2015, to treat a serious health condition. Dkt. 1, ¶ 24. On June 5, 2015, McKinley's contract with FCA was terminated "because she was going to be off work too long." Dkt. 1, ¶ 31.

Drawing all reasonable inferences in her favor, it is plausible that McKinley notified Rapid Global of her need for time off to treat a serious health condition as prescribed by her doctor. When she requested more time off at her doctor's request, rather than inquiring as to why she needed time off, and despite having knowledge of her prior breathing problems, Defendants decided to terminate her contract. "[I]t is the employee's

9

duty to place the employer on notice by giving the employer 'enough information to establish probable cause, as it were, to believe that [the employee] is entitled to FMLA leave,' which then shifts the burden to the employer to request additional information as needed." *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 220 (7th Cir. 2015) (quoting *Aubuchon v. Knauf Fiberglass GMBH*, 359 F.3d 950, 951 (7th Cir. 2004)). Upon receiving the information that McKinley was requesting time off to treat her serious medical condition at the behest of her doctor, Defendants had a duty to request additional information from McKinley relating to that request to ascertain whether or not the FMLA would apply.

Thus, assuming all facts as pleaded McKinley has adequately demonstrated that she notified Rapid Global that she had a serious medical condition under the FMLA and needed time to treat said condition. Rapid Global's decision to terminate her employment because she would be off of work for too long, rather than provide her with the time off or at least request more information relating to her request, could render them liable for both the retaliation and interference claims raised in McKinley's. Therefore, Rapid Global's Motion to Dismiss McKinley's retaliation and interference claims under the FMLA must fail.

### IV. CONCLUSION

For the reasons stated herein, the Court hereby **DENIES** Defendants' Motion to Dismiss. Dkt. 25.

IT IS SO ORDERED this 26th day of July, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

10

Distribution:

Kathleen H. Klaus
MADDIN, HAUSER, ROTH & HELLER, P.C.
kklaus@maddinhauser.com

Bonnie L. Martin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART PC (Indianapolis)
bonnie.martin@ogletreedeakins.com

Sharon Rae Gross
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
rae.gross@ogletree.com

Tae K. Sture
STURE LEGAL SERVICES LLC
tae@sturelaw.com